**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1065-15T1

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

LAURIE JANE HAYES, her
heirs, devisees, and
personal representatives
and his/her, their, or any
of their successors in
right, title and interest;
Mr. Hayes, husband of
Laurie Jane Hayes, his
heirs, devisees, and personal
representatives and his/her,
their, or any of their
successors in right, title
and interest,

    Defendants-Appellants.

_____

        Argued May 9, 2017 — Decided July 20, 2017

        Before Judges Messano and Espinosa.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, General Equity
        Part, Essex County, Docket No. F-6002-14.

        Joshua W. Denbeaux argued the cause for
        appellant (Denbeaux & Denbeaux, attorneys; Mr.
        Denbeaux, on the brief).

Henry F. Reichner argued the cause for respondent (Reed Smith, L.L.P., attorneys; Mr. Reichner, on the brief).

PER CURIAM

In 2007, defendant Laurie Jane Hayes refinanced a mortgage on her residence by executing an adjustable rate mortgage and note in favor of World Savings Bank, FSB, predecessor in interest of plaintiff Wells Fargo Bank, N.A. (Wells Fargo). Hayes procured the loan through the bank's "Pick-a-Payment" program. Defendant defaulted on the loan in March 2008 and thereafter sought a loan modification in 2009. Although it is unclear when defendant actually completed the application for the Home Affordable Modification Program, Wells Fargo notified her in 2013 that it denied her request.

In the interim, after the filing of numerous complaints alleging the "Pick-a-Payment" program violated the federal Truth in Lending Act (TILA), 15 U.S.C.A. §§ 1601 to 1667f, as well as other consumer protection statutes, the United States District Court for the Northern District of California certified a class of plaintiffs that included defendant as a member. A settlement of the class action lawsuit was reached on December 10, 2010. In re Wachovia Corp. "Pick-a-Payment" Mortg. Mktg. and Sales Practices Litig., No. M:09-CV-2015-JF (N.D. Cal. Dec. 16, 2010).

The stipulation of settlement (Settlement Agreement) provided that, in consideration of the "settlement benefits," class members agreed to

> fully, finally, and completely release and forever discharge <u>the Alleged Claims and any and every actual or potential known or unknown claim, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims and Unknown Claims, asserted or unasserted, latent or patent, that is, has been, or could have been or in the future</u> might be asserted by any Releasing Party in the Lawsuit, the Related Actions, any other case consolidated in the Lawsuit, or in any other action or proceeding in this Court, or any other court, administrative venue, tribunal or arbitration or other forum, <u>regardless of the type or amount of relief or damages claimed, against any of the Released Entities arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan</u>, the manner in which the Defendant's applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.
>
> [(Emphasis added).]

Paragraph 1.6 of the Settlement Agreement defined "Alleged Claims" as

claims that are alleged in the Lawsuit and the Related Actions, including, but not limited to, claims that the Defendants and the Additional Defendants violated TILA, state unfair competition laws, state unfair and deceptive trade practices statutes, and state consumer protection laws; breached the terms of the Parties' contracts; engaged in fraudulent misrepresentations or omissions; and breached the implied duty of good faith and fair dealing in connection with the Plaintiffs' Pick-a-Payment mortgage loans by failing to adequately disclose the loan's potential for negative amortization, providing Borrowers with inaccurate payment schedules, failing to disclose the interest rates on which those payment schedules were based, and failing to disclose the terms of the Parties' legal obligations, entitling them to damages, statutory penalties, restitution, punitive damages, interest, attorneys' fees, costs, injunctive relief, and other legal or equitable relief under state and federal law.

The stipulation also provided that it was "the sole and exclusive remedy of Settlement Class Members against any Released Entity," including Wells Fargo, "relating to any and all Alleged Claims." Further, the parties agreed the court would retain "exclusive and continuing jurisdiction over the Lawsuit, the Parties," and the class members. On May 17, 2011, the district court entered final approval of the class settlement and further retained "continuing jurisdiction to interpret and enforce the settlement agreement."

Defendant never opted out of the settlement. Several months later, she received a settlement check for $178.04.

On November 19, 2012, in the context of deciding various motions regarding the scope of the Settlement Agreement, the district court judge filed a second order, retaining jurisdiction of the class action settlement and further providing the settlement included all class members' "claims <u>or defenses</u> based upon origination of their pick-a-payment loans, alleged TILA violations, and the like." (Emphasis added).

While the class action was pending in federal court, defendant filed a complaint in the Law Division against Wachovia Mortgage, FSB (Wachovia), another predecessor in interest of Wells Fargo, alleging fraud, consumer fraud and other statutory violations. On March 14, 2014, the judge granted Wachovia summary judgment. However, the judge included the following language in his order:

> [t]his Order does not in any way act as a bar to [defendant] raising any defense to a foreclosure action brought by Wells Fargo against her, since this [c]ourt does not believe that anything in the Settlement Agreement . . . acts as a bar to [defendant] asserting a defense to a foreclosure action, including but not limited to origination-based defenses.

Defendant appealed. We affirmed the trial court's summary judgment, concluding defendant's participation in the class action settlement precluded her suit against Wachovia. <u>Hayes v. Wachovia</u>

Mortg. FSB, No. A-5913-13 (App. Div. March 29, 2016) (slip op. at 9).[1]

Wells Fargo had filed its foreclosure complaint in February 2014. Defendant subsequently moved to set aside her default. Her proposed answer asserted fifteen affirmative defenses, including an alleged breach of the Settlement Agreement, violation of TILA and other improprieties in the origination of the loan. Wells Fargo opposed the motion and cross-moved to enforce the Settlement Agreement. Judge David B. Katz granted defendant's motion and denied Wells Fargo's motion without prejudice pending further discovery.

Wells Fargo subsequently moved for reconsideration, which defendant opposed. Judge Katz granted Wells Fargo's motion in part, enforcing the Settlement Agreement and concluding a number of defendant's "origination-based affirmative defenses" should be dismissed. In a written statement of reasons that accompanied his August 28, 2014 order (the August 2014 order), Judge Katz explained that the Law Division judge "did not make an actual ruling on the

---

[1] Although citing an unpublished opinion is generally forbidden, we do so here pursuant to the exception in Rule 1:36-3 that permits citation "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." See Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

applicability of [defendant's] claims to a foreclosure." Judge Katz concluded the Settlement Agreement was clear and unambiguous, and, since defendant never opted out of the settlement, she was bound by its terms. The judge determined he should accord full faith and credit to the Settlement Agreement. See U.S. Const. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."); 28 U.S.C.A. § 1738 (providing that the judicial proceedings of the states are to be given full faith and credit in federal court). Judge Katz dismissed nine of defendant's affirmative defenses and stated the remaining six were "viable for motion practice."

Wells Fargo thereafter moved for summary judgment, which Judge Katz granted by order dated December 5, 2014, accompanied by a written statement of reasons.[2] Final judgment was entered on May 21, 2015.

Before us, defendant focuses her challenge on the August 2014 order, arguing Judge Katz misconstrued the terms of the Settlement Agreement because her affirmative defenses were not "Alleged Claims," as defined by the Settlement Agreement. She argues that

---

[2] The notice of motion and supporting documents, as well as defendant's opposition, are not included in the appellate record. We have been provided with a transcript of the oral argument before Judge Katz.

Judge Katz's interpretation rewrote the express language defining "Alleged Claims," thereby implicitly recognizing the Settlement Agreement was ambiguous. She also contends Judge Katz failed to give appropriate weight to the Law Division judge's order in the earlier litigation.

We are not persuaded by any of these arguments and affirm substantially for the reasons expressed by Judge Katz. We add only these brief comments.

Our courts give full faith and credit to class action judgments of other jurisdictions if the class members have been accorded procedural due process rights. <u>Simmermon v. Dryvit Sys., Inc.</u>, 196 <u>N.J.</u> 316, 330 (2008). Defendant contends the Settlement Agreement's defined term, "Alleged Claims," does not include her origination-based affirmative defenses.[3]

---

[3] During oral argument before us, defendant also contended she was denied due process and cited the practical impossibility of appearing in federal court in California to challenge the Settlement Agreement, subsequent orders entered by the district court or to seek relief from those orders. These issues were not briefed, and we deem them to be waived. An issue not briefed is deemed waived on appeal. <u>N.J. Dep't of Envtl. Prot. v. Alloway Twp.</u>, 438 <u>N.J. Super.</u> 501, 505-06 n.2 (App. Div.), <u>certif. denied</u>, 222 <u>N.J.</u> 17 (2015). Moreover, in our prior opinion, we addressed the due process argument and concluded,

> even assuming that plaintiff never received the notice, as we must on summary judgment, plaintiff waived her right to sue Wachovia when she cashed the settlement check.

A-1065-15T1

Under the terms of the Settlement Agreement, defendant agreed never to "assert" "<u>any and every actual or potential known or unknown</u> claim, liability, <u>right</u>, demand, <u>suit</u>, <u>matter</u>, obligation, damage, loss or cost, action or cause of action, <u>of every kind and description</u> . . . <u>regardless of the type or amount of relief</u> or damages" against Wells Fargo. (Emphasis added). One can hardly imagine a more comprehensive waiver of rights, and the plain and unambiguous language includes defendant's affirmative defenses, which she asserted defeated Wells Fargo's right to foreclosure.[4]

Additionally, Judge Katz correctly determined the earlier Law Division order was not controlling. As he noted, the Law Division judge did not consider the merits of the foreclosure action, which had already been filed but was not before him. The Law Division judge's advisory opinion contained in an order filed in a different

---

> Plaintiff freely admits that she knew the settlement check related to the "Pick-a-Payment" loans, and that she cashed the check after being advised to do so by her attorney. She chose to accept the settlement check, in spite of her pending lawsuit, thus severing her claims against Wachovia.
>
> [<u>Hayes</u>, <u>supra</u>, slip op. at 11.]

[4] Although not critical to our decision, we note the federal district court's subsequent order clearly determined the Settlement Agreement included class members' waiver of "claims <u>or defenses</u> based upon origination of their pick-a-payment loans, alleged TILA violations, and the like."

lawsuit regarding the effect of the Settlement Agreement on defendant's affirmative defenses was not binding on Judge Katz.[5]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Although defendant does not specifically assert the "law of the case doctrine" applied, such that the Law Division judge's ruling bound Judge Katz, we note the doctrine usually applies only to interlocutory rulings made during the pendency of a single case, not to a ruling made in a different case. Lombardi v. Masso, 207 N.J. 517, 538 (2011) (citing Lanzet v. Greenberg, 126 N.J. 168, 192 (1991)). However, even if the doctrine does apply, it is non-binding, ibid., and "does not obligate a judge to slavishly follow an erroneous or uncertain interlocutory ruling." Gonzalez v. Ideal Tile Importing Co., 371 N.J. Super. 349, 356 (App. Div. 2004), aff'd, 184 N.J. 415 (2005), cert. denied, 546 U.S. 1092, 126 S. Ct. 1042, 163 L. Ed. 2d 857 (2006).